IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

ALEJANDRO ORDONEZ                                                      PETITIONER

v.                              No. 2:24-cv-00130 JM/PSH

CHAD GARRETT                                                           RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation has been sent to United States District Judge James M. Moody, Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Alejandro Ordonez ("Ordonez") filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 16, 2024. Doc. No. 1. Respondent Chad Garrett ("Garrett") filed a response on September 10, alleging in part that the petition should be dismissed due to Ordonez's failure to exhaust his administrative remedies. Doc. No. 7. Specifically, Garrett contended Ordonez has not exhausted the administrative remedies available to him through the BOP Administrative Remedy Program, a prerequisite to bringing this action. *See Willis v. Ciccone*, 506 F.2d 1011 (8th Cir. 1974) and 28 C.F.R. § 542.10.

By Order of September 11, 2024, the Court notified Ordonez of his opportunity to respond to Garrett's assertions, and he has submitted a response. Doc. No. 9. In both his petition and his response to the Court's Order, Ordonez concedes that he did not fully exhaust his administrative remedies.[1] He explains that he withdrew his grievance based upon the assurance of his unit manager that he would be placed in home confinement. This placement, however, did not occur. *See* Doc.

---

[1] The parties agree that Ordonez withdrew his grievance requesting placement in home confinement. Absent this agreement the Court would not be able to interpret the documents submitted by Garrett to reach the conclusion that the grievance was withdrawn. See Doc. No. 7-3, page 2. While this document no doubt has meaning within the BOP, by itself it does not inform the Court of the resolution of Ordonez's administrative remedies. An affidavit explaining the internal document would have assisted the Court. In any event, the agreement of the parties cures any shortcomings in this regard in this case.

No. 1, page 3 (the unit manager "tricked me!"). Further, Ordonez states the prison staff has told him to be patient and that but for staff assurances he would have pursued his administrative remedies until fully exhausted. Ordonez views the staff's statements as bad faith deception and coercion which deprived him of timely appealing his administrative remedies.

Ordonez offers two additional reasons why his petition should not be dismissed for failure to exhaust: (1) exhaustion of administrative remedies is non-jurisdictional; and (2) he is entitled to pre-release custody under the relevant statute, 18 U.S.C. § 3624(g)(1).

Ordonez is correct that exhaustion of remedies is non-jurisdictional. *Lueth v. Beach*, 498 F.3d 795, 797 n. 3 (8th Cir. 2007); *Day v. McDonough*, 547 U.S. 198, 204 (2006). As a result, courts may create exceptions to the exhaustion requirement. Indeed, an exception exists where a petitioner demonstrates that it would be futile to utilize the remedy process. *Frango v. Gonzales*, 437 F.3d 726, 728-729 (8th Cir. 2006); *Johnson v. Garrett*, 2023 WL 8658538 (E.D. Ark. Oct. 17, 2023). The catch here is that Ordonez fails to demonstrate the futility in pursuing his administrative remedies. His complaint that he was misled into withdrawing an earlier grievance does not prevent him from filing another grievance.

Ordonez's claim to entitlement for pre-release under the relevant statute goes to the merits of his assertions. But the purpose of the exhaustion requirement is to

allow the BOP to first address the merits of such claims.  "The federal writ of habeas corpus is 'an extraordinary remedy' limited to 'cases of special urgency.' *Willis v. Ciccone,* 506 F.2d 1011, 1014 (8th Cir.1974). In the context of challenges to the actions of prison authorities, this means that habeas relief can be available only after **'administrative procedures which provide a real possibility for relief have been exhausted.'** *Id.* at 1014–15. Therefore, federal prisoners challenging the actions of the BOP are required to exhaust the BOP's administrative remedies before seeking judicial review through a § 2241 habeas petition. *Id.; see also United States v. Chappel,* 208 F.3d 1069, 1069–70 (8th Cir.2000). This includes a prisoner's challenge to BOP regulations and policies regarding community confinement. *Garza v. Davis,* 596 F.3d 1198, 1203–05 (10th Cir.2010)."  *Pruitt v. Outlaw*, No. 2:10CV00052 JLH-JWC, 2010 WL 4537085, at *4 (E.D. Ark. Oct. 12, 2010), report and recommendation adopted, No. 2:10CV00052 JLH, 2010 WL 4537051 (E.D. Ark. Nov. 3, 2010).

Ordonez is responsible for exhausting the administrative remedies available to him prior to seeking federal habeas corpus relief.  He concedes that he has not done so but contends it is futile for him to seek administrative relief.  The Court finds he has failed to establish futility.  As a result, the Court recommends the petition be dismissed without prejudice to allow Ordonez to exhaust his administrative remedies.

IT IS SO ORDERED this 4th day of November, 2024.

_____
UNITED STATES MAGISTRATE JUDGE